UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                        :
UNITED STATES OF AMERICA                :   16 Cr. 627 (JMF)
                                        :
        -against-                       :
                                        :
JAMES HOLDER                            :
                                        :
_____:

# DEFENDANT'S SENTENCING SUBMISSION

        **Matthew J. Kluger, Esq.**
        **184 East 161st Street**
        **Bronx, New York  10451**
        **(718) 293-4900**

# MATTHEW J. KLUGER
ATTORNEY AT LAW

184 EAST 161st STREET, 2nd FLOOR
BRONX, NEW YORK 10451
(718) 293-4900 • FAX (718) 618-0140
www.klugerlawfirm.com

April 20, 2017

By ECF/Email
Honorable Jesse M. Furman
United States District Court Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **United States v. James Holder**
                  16 Cr. 627 (JMF)

Dear Judge Furman:

      This letter and its attachments are respectfully submitted on behalf of defendant James Holder in advance of his sentencing, which is scheduled for May 4, 2017 at 3:00 p.m.  On December 12, 2016, Mr. Holder appeared before your Honor and, pursuant to a written plea agreement with the Government, pled guilty to the sole-count of a Superseding Information charging him with using and maintaining a room in an apartment that he shared with his companion ("the apartment") for the purpose of using and distributing cocaine in violation of 21 U.S.C. §856(a)(1).

      Based upon a total offense level of 27 and a criminal history category of II, the parties have stipulated that the advisory Guidelines range of imprisonment applicable to the facts of this case is 78-97 months.  Probation agrees with this calculation and recommends a guidelines sentence of 78-months.  Nevertheless, for the reasons which follow, and pursuant to 18 U.S.C. § 3553(a), the defense respectfully requests that the Court sentence Mr. Holder to a period of imprisonment *not to exceed* 48-months.[1]

      In further support of this request, counsel has attached the following exhibits for the Court's review and consideration:

      Exhibit A:    Letter to the Court from James Holder;

      Exhibit B:    Letter to the Court from the defendant's close friend, Michelle Zilberberg:

---

[1] Holder has been in Federal custody since his arrest on May 25, 2016.

> *"I know that James is not perfect and that he broke the law.  However, I kindly urge [the Court] to see James for the person that he is and not for what others are making him out to be.  James Holder is a good, kind, innocent person"*

These exhibits, together with the instant defense submission are provided in order to supplement the Presentence Report (*PSR*) and provide the Court with additional information necessary to determine a sentence which is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).  As noted by the Supreme Court, "[h]ighly relevant - if not essential - to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." Williams v. New York, 337 U.S. 241, 246-247, 69 S. Ct. 1079 (1949). This "ensures that the punishment will suit not merely the offense *but the individual defendant as well*." Wasman v. United States, 468 U.S. 559, 564, 104 S. Ct. 3217 (1984)(emphasis added).  (See also Pepper v. United States, 131 S. Ct. 1229 (Sotomayor, J.)).

Accordingly, while this submission may seek to explain or mitigate certain facts and behavior, nothing in this submission is intended to dispute, change, or challenge any provision of the plea agreement.  Moreover, Mr. Holder has accepted full responsibility for his actions and nothing presented herein is meant to justify or excuse his conduct in any way.

### Sentencing After *United States v. Booker* and the Application of the Sentencing Guidelines to this Case

As this Court is undoubtedly aware, the Supreme Court's decision in United States v. Booker substantially altered a court's obligation with respect to sentencing. The Sentencing Guidelines are of course no longer mandatory and while still important and instructive, they remain just one of several factors set forth in 18 U.S.C. § 3553(a) which a sentencing court must consider in determining a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2."  Section 3553(a)(2) states that these purposes are:

>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B)   to afford adequate deterrence to criminal conduct;
>   (C)   to protect the public from further crimes of the defendant; and
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

To arrive at such a sentence, the Court is further directed to consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the kinds of sentences available; (3) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (4) policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities

among similarly situated defendants; and (6) the need to provide restitution to any victims of the offense.  See 18 U.S.C. § 3553(a)(1), (a)(3)-(7).

## The Nature and Circumstances of the Offense

More than anything else, the sentence in this case turns on the nature and circumstances of the offense itself.  Specific deterrence is not a genuine concern here because there is practically no chance that James Holder would, *or could*, sell cocaine again upon his release.  Moreover, a guidelines sentence is well beyond what is necessary to provide just punishment and reflect the seriousness of the offense.  As his close friend, Michelle Zilberberg correctly points out in her insightful letter, James Holder is not a bad, mean, or sophisticated person.  Rather, he has been described by all who know him as kind, gentle, and caring.  He is a 61-year old man, in poor-health, who sold relatively small quantities of cocaine to a select group of individuals to afford his own cocaine habit and get by.  Frankly, but for the unfortunate events of October 4, 2015 that are described in the PSR, James Holder would have hardly been a blip on anyone's radar screen.  Of course, he *was* present on the night in question, but James Holder bears little, if any, responsibility for the unfortunate and tragic events which transpired.

Early in the morning on the date in question, co-defendant Johnson and a 38-year old woman described in the PSR and charging documents as "Individual-1" showed up unexpectedly at the apartment in question that Holder shared with his long-time female companion.  Other than a small quantity for his own personal use, Holder had no cocaine on hand and did not provide any to Johnson or Individual-1.  Thus, Probation's statement that "we don't know if the drugs provided by Holder caused [Individual 1's] death" is erroneous in that Holder didn't provided Individual-1 (or Johnson) with *any* drugs.  See PSR, *Justification*, p.18.  In fact, as the evidence makes clear, Individual-1 had been out partying with friends for many hours long before she ever arrived at Holder's apartment.  So, while Holder may have provided refuge for his friend and Individual-1, he did not provide any drugs for them to use.  Nor of course did Holder force or entice anyone to do anything that they weren't already ready, willing, and able to do on their own, with or without him.

However, when it became apparent that something was terribly wrong with Individual-1, Holder did help bring her downstairs and, rather than wait around for EMS and law enforcement officials to arrive, he left.  Thus, while Holder's failure to wait for EMS did not contribute in any way to Individual-1's demise, it was nevertheless a crass and selfish act; one which appears to be atypical and out of character for this defendant.

As Holder makes clear in his letter to the Court, he accepts full responsibility for his actions and has tried to do what he could to make his prosecution smooth and without incident.  After his arrest, although admittedly not at the level of substantial assistance required by §5K1.1, Holder met with the Government on several occasions and gave truthful information about not only his own unlawful activity and the events of October 4, 2015, but information about other matters of which he had knowledge as well. Moreover, as in most narcotics cases, Holder's guidelines range is driven primarily by drug weight, which here, is between two and 3 ½ kilograms of cocaine.  Significantly, Holder did not deal in large quantities of cocaine.  Rather, because Holder dealt in such small quantities,

it took him many years to sell anywhere near the quantity of cocaine for which he ultimately admitted responsibility.  Even then, most of the cocaine that Holder sold was to a small group of individuals that he had known for many years.[2]

Thus, given these important §3553(a) considerations, while Holder certainly expects to be punished for his transgressions, a guidelines sentence is greater than necessary and deals much too harsh a blow.

### History and Characteristics

Holder's personal and family data, as well as his physical condition and drug history are adequately addressed in the Probation Report.  Suffice it to say that Holder grew up in a relatively stable, but poor, household.  He is 61-years old and suffers from hypertension, diabetes, and liver problems.  He has been using cocaine regularly for almost 40-years, and is clearly in need of a drug program.

### Sentence Request and Conclusion

Admittedly, James Holder has committed a serious offense and must be punished accordingly.  Of course a strong message must also be sent that this type of illegal behavior cannot be tolerated.  However, punishment which is too severe may work an injustice and be greater than necessary to achieve the goals and purposes of sentencing.  Here, a guidelines sentence is unwarranted, unreasonable, and much greater than necessary.

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  Gall v. United States, 552 U.S. 38, 52 (2007)(quoting Koon v. United States, 518 U.S. 81, 96 (1996).  This Court has the discretion and wisdom to fashion a sentence which best fits this defendant and the facts of this case.  The proposed sentence of at most 48-months incarceration with BOP's "RDAP" program is sufficient but not greater than necessary and provides needed treatment.  Moreover, it takes into account all of the mitigating §3553(a) factors present in this case while providing just punishment and adequate deterrence.

                Respectfully submitted,

                /s/ *Matthew J. Kluger*
                Matthew J. Kluger, Esq.
                Attorney for James Holder

cc:    A.U.S.A. David M. Abramowicz (email/ECF)

---

[2] Although the defense concedes that the guidelines calculation is correct, it nevertheless seems odd that Holder should be assessed two-levels pursuant to §2D1.1(b)(12) for what is essentially the *res gestae* of the charge itself, i.e. maintaining a premises for the purpose of distributing a controlled substance.